

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-3852

Re: The authority of the
State Highway Department
to require highway con-
struction contractors to
use paint purchased and
owned by the State of Texas
and deduct the cost of such
paint from the contractor's
monthly estimates.

We acknowledge receipt of your request for an opinion of this Department on the question as to whether the State Highway Department is authorized to purchase paint to be used on all maintenance and construction work and require all contractors for construction of work to use the paint so pur-chased and to deduct from the contractor's estimate the cost of the paint used by such contractor.

The exclusive and sole administrative control of the State Highways is vested in the State Highway Commission. (Art. 6663, R.C.S.) In the case of Nairn v. Bean, 48 S. W. (2d) 586 (Com.App.), the court said:

"The effect of the present statute (Vernon's Annotated Civil Statutes, Art. 6663 et seq.) on the subject is to vest administrative control of all public roads which might be a part of the

state highway system in the state highway department, with respect to the designation, location, relocation, improvement, construction, abandonment, or discontinuance thereof. Whatever said department may do in the premises, in the exercise of an honest discretion, must be respected when untainted by fraud and unassailed on account of accident or mistake occurring in their performance, or such abuse of discretion as under the authorities would avoid the same." (Underscoring ours)

As above held it is solely with the State Highway Commission to determine the manner in which said highway should be constructed and their determination can be assailed only if it is tainted with some species of fraud.

If the State Highway Commission determines that the interest of the State will be best served by requiring all contractors to use paint acquired by the State Highway Department as above set forth that is a matter that can be determined only by the State Highway Commission. In the case of Losheim v. Rollins, 79 S. W. (2d) 672, the Court of Civil Appeals held:

"The State Highway Commission is authorized to take over and maintain the various state highways in Texas, and, in accomplishing this duty imposed upon it, the judgment of the highway Commission, and not of someone else, is supreme. The fact that there are better ways of maintaining the highways is unimportant." (Underscoring ours)

Not only do we believe that the broad grant of powers to the State Highway Commission authorizes the purchase and handling of paint as outlined in your request, but we believe that Article 6674k, Revised Civil Statutes is an express authorization so to do. Said Article being as follows:

"The State Highway Commission shall prescribe the form of such contract and may include therein such matters as they may deem advantageous to the State."

We, therefore, see no reason why, if the State Highway Commission determines that it would be advantageous to the State, said Commission cannot require all contractors to use

paint which has theretofore been purchased by the State Highway Department and deduct the cost of such paint from the estimates of the contractors. You are, therefore, advised that our answer to your inquiry is in the affirmative.

However, this opinion is not to be construed as authorizing the State Highway Department to charge contractors more than cost because we find nothing in the law that would authorize it to engage in a proprietary enterprise.

APPROVED SEP 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Assistant

RHC:N

